

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Grover Sellers
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. R. C. Neaves
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. 0-6324
Re: If real property conveyed to the City
of Sherman at a tax sale, is sold to a
third party, would the State and County
be entitled to collect all delinquent taxes
prior and subsequent to the tax sale to the
City? And related questions.

We are in receipt of your recent letter of December 14, 1944, requesting our opinion relative to the above captioned matter. Your letter reads as follows:

"Please furnish me a written opinion on the following proposition:

"On June 17, 1930, a delinquent tax judgment was rendered in cause No. 40768, 'See certified copy of judgment attached' and on December 27, 1930, the Sheriff, acting on the above judgment and decree of sale, did convey by Sheriff's deed, the premises described in said order of sale, to the City of Sherman a Municipal Corporation, for the sum of Three Hundred Ninety Two and 74/100 Dollars, it being the highest bidder therefor, and that being the highest secure sum bid for same. 'See certified copy of Sheriff's deed attached.'

"The County and State were not a party to the above suit, therefore, none of the State and County taxes were included in said judgment. (See copy of State and County delinquent taxes attached)

"For your information and consideration I submit the following:

"The City of Sherman, Plaintiff, bid the premises in at the amount of delinquent taxes due said City at the Sheriff's sale on October 7, 1930, and said City of Sherman has held same until now without taking any further action. However, the City of Sherman is now in process of taking posession of same, which is some 14 years after such premises had been conveyed by the Sheriff.

"I have been informed by the City Attorney that, it is the intention of the City of Sherman to take possession of

said premises, in order that they in turn may sell same at private sale.

"There is now due the State and County for delinquent taxes, together with interest and penalty in the aggregate sum of $247.60 for the years from 1928 to 1943, inclusive. (See State and County delinquent tax statement attached)

"From the above information we would appreciate an answer on the following:

"1. If said premises are sold now by the City of Sherman, would the State and County be entitled to collect all delinquent taxes from 1928 to 1943 inclusive, provided such property is sold for an equal amount, or more than the amount of all delinquent taxes due said taxing units?

"2. Would said premises be exempt from State and County ad valorem taxes for all years subsequent to the date such premises were bid in by the City of Sherman in 1930?

"3. Where such premises were conveyed to the City of Sherman by Sheriff's deed in 1930, and possession not taken until 1944, would the City of Sherman have the authority to sell such premises at private sale?

"4. In the event the City of Sherman may sell such premises at a private sale, what would be the proper method for the City of Sherman to follow in order to convey such premises to the private purchaser?

"  .  .  .  ."

We are enclosing herewith our Opinion No. 0-5710 which answers your first two questions.

Your other two questions request our opinion as to whether the City has the authority to sell such land at private sale, and if so, the proper procedure to follow.

It is our opinion that the City of Sherman, acting through i City Council, could sell said land as provided in Article 7328, Vernon's Annotated Civil Statutes, by virtue of the provisions of Articles 7343 and 1060a, V.A.C.S. However, each of said Articles 7343 and 1060 by its own terms, is merely permissive, and is not exclusive.

Article 1062, V.A.C.S. reads as follows:

"If, at any sale of real or personal property or estate for taxes, no bid shall be made for any parcel of land, or any goods and chattels, the same shall be struck off to the city, and the city shall receive, in the corporate name, a deed for said property, and shall be vested with the same right as other purchasers at such sale, and may sell and convey the same."

Article 1140, V.A.C.S., reads as follows:

"When the entry mentioned in the preceding article has been made, the town shall be invested with all the rights incident to such corporation under this chapter, and shall have power to sue and be sued, plead and be impleaded, and to hold and dispose of real and personal property, provided such real property is situated within the limits of the corporation."

Article 962, V.A.C.S., reads as follows:

"All the inhabitants of each city, town or village so accepting the provisions, of this title shall continue to be a body corporate, with perpetual succession, by the name and style by which such city, town or village was known before such acceptance, and as such they and their successors by that name shall have, exercise and enjoy all the rights, immunities, powers, privileges and franchises possessed and enjoyed by the same at the time of said acceptance, and those hereinafter granted and conferred, and shall be subject to all the duties and obligations pertaining to or incumbent on the same as a corporation at the time of said acceptance, and may ordain and establish such acts, laws, regulations and ordinances, not inconsistent with the Constitution and laws of this State, as shall be needful for the government, interest, welfare and good order of said body politic and under the same name shall be known in law, and be capable of contracting and being contracted with, suing and being sued, impleading and being impleaded, answering and being answered unto, in all courts and places, and in all matters whatever, may take, hold and purchase, lease, grant and convey such real and personal or mixed property or estate as the purposes of the corporation may require, within or without the limits thereof; and may make, have and use a corporate seal and change and renew the same at pleasure."

said    It is, therefore, our opinion that the City of Sherman may sell/land to a third party at private sale, and that the City Council, as a governing body of the City, is the proper agency to exercise the authority to sell, and that the sale should be authorized

Hon. R. C. Neaves, page 4    (O-6324)


by ordinance or resolution.  See Wilder v. American Produce Co.,
160 S.W. (2d) 519 (Sup.Ct.).  However, if the charter or an
ordinance of the City of Sherman provides how the City may alien-
ate its real property, such procedure should be followed.

Trusting that the above and foregoing fully answers your
inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ W. V. Geppert

W. V. Geppert, Assistant

APPROVED JAN 11, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

WVG:fo:wb